UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACHIA HARRIS,

    Plaintiff,

v.

Case No.

Hon.

ASCENSION PROVIDENCE HOSPITAL,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Achia Harris (hereinafter "Plaintiff"), by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Achia Harris, is a resident of the City of Dearborn Heights, County of Wayne and State of Michigan.

2. Defendant, Ascension Providence Hospital (hereinafter "Defendant") is a domestic non-profit corporation authorized to do business in the County of

Oakland, State of Michigan whose resident address is 16001 West Nine Mile Rd, Southfield, MI 48075 and whose resident agent is Brant Russell.

3. The events producing the original injury occurred in the County of Oakland, State of Michigan, and Jurisdiction and Venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action, including termination, and discrimination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA") and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA").

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff has suffered from chronic migraines over the last 15 years, which is a disability under the Michigan Persons with Disabilities Civil Rights Act.

8. In or around June 2019, Plaintiff began her employment with Ascension Providence Hospital as a medical assistant.

9. In or around May 2020, Plaintiff requested and received FMLA time which was approved.

10. Plaintiff used six weeks of her FMLA time and returned to work on or around June 2020.

11. After returning to work on or around June 2020, Plaintiff worked for several months.

12. As soon as Plaintiff returned from FMLA leave, Defendant's agents and employees began to discriminate against Plaintiff and retaliate against her for use of FMLA time.

13. On one occasion, Plaintiff was threatened physically by a patient, and reported this to her manager and supervisor.

14. Plaintiff's manager and supervisor took no actions to remedy the situation.

15. Defendant's supervisors and managers would change Plaintiff's hours and cut her schedule at random.

16. Plaintiff filed a complaint with the EEOC and discussed her treatment.

17. Defendant heard of the complaint and screamed at Plaintiff, saying "I should fire you right now."

18. In or around October 2020, Plaintiff's migraines returned and she visited Ascension Providence Deighton Family Practice.

19. Plaintiff's doctor told her that she must rest and gave her a Doctor's note for the next two days.

20. Plaintiff returned to work and gave Defendant the Doctor's note.

21. Plaintiff told Defendant she wanted to take FMLA time for these two days, but was told she did not have to, and could have the days off.

22. Upon returning to work on the third day, Plaintiff was terminated.

23. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Plaintiff was an employee of Defendant, eligible for FMLA leave.

26. Defendant was Plaintiff's "employer" within the meaning of the FMLA.

27. Plaintiff was entitled for up to 12 weeks FMLA leave per year for a serious medical condition.

28. Plaintiff had not used all of her FMLA time.

4

29. Defendant discriminated against Plaintiff for her use of FMLA time by terminating her, which is an adverse employment action under the FMLA.

30. Defendant's adverse employment decision was made because of Plaintiff's use of FMLA.

31. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT MCLA §37.1101, ET SEQ. ("PWDCRA")

32. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. During the course of her employment, Plaintiff suffered from chronic migraines, a disability under the PWDCRA, which Defendant regarded as a disability and which substantially interferes with major life activities.

34. Pursuant to the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability

5

35. Plaintiff's disability was a factor in Defendant's employment decisions.

36. Defendant is an employer within the meaning of the PWDCRA.

37. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability and her request for reasonable accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

38. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

39. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability;

   b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

40. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

41. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

                Respectfully submitted,

                **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800
     sbatey@bateylaw.com

Dated:  October 22, 2021

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Achia Harris, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                              Respectfully submitted,

                                              **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, Michigan 48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated: October 22, 2021